UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-4033 |
| | ) | |
| LOUIS HARE, Assistant Warden, | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se and incarcerated in the East Moline Correctional Center, was granted leave to proceed in forma pauperis in this civil case. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court as follows:

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was housed at the East Moline Correctional Center. The plaintiff claims that facility substantially limited his access to the law library beginning in October of 2013 and he was unable to pursue his litigation. In addition, when he filed grievances about the problems, the facility retaliated by refusing him any access to the law library.

The plaintiff named the East Moline I.D.O.C. Administrations as a defendant. This is not a proper defendant under 42 U.S.C. § 1983 because it is not a "person[s]" as that term is used in the statute. *Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013). The plaintiff also names the Director of I.D.O.C. and T. Erno as defendants There are no allegations that either of these parties had any personal responsibility or knowledge of the incident. As a result, these defendants should be dismissed.

The plaintiff states that the Assistant Warden of Programs at the East Moline Correctional Center is Louis Hare. Therefore, the court will add the name of this

defendant to the plaintiff's lawsuit. The plaintiff also stated Lieutenant Wilma retaliated against him because she knew he was denied access to the law library, but took no steps to correct the problem.

The plaintiff is advised a defendant cannot be held liable under 42 USC §1983 unless a plaintiff can demonstrate the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, if the Plaintiff needs to amend the names of his Defendants to more clearly state who was responsible for his claims, he should file a motion to amend within 21 days of this order. The motion to amend must include a complete, proposed amended complaint setting forth all claims against all Defendants and should not make reference to the original complaint. This prevents confusion over intended claims and parties.

The Court concludes that the plaintiff has stated the federal claims as detailed below, and the case will accordingly be sent for service.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a claim for denial of meaningful access to the courts against Assistant Warden Louis Hare, and a claim of retaliation against the second shift lieutenant in Unit I, Lieutenant Wilma. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)      The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a defendant who no longer works at the address provided

by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)	The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6)	This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)	Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8)	The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)	If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)	The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)    The clerk is directed add Louis Hare, Assistant Warden; and  Second Shift Lieutenant (Unit I). Lt. Wilma, as defendants.

12)    The clerk is directed to terminate defendants East Moline I.D.O.C. Administrations, Directors of I.D.O.C., and T. Erno as defendants.

13)    The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

ENTERED: July 17, 2014

FOR THE COURT:

/s/Harold A. Baker
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE